IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

K'DREA FOX,

        Plaintiff,          Civil Action No.
                                    1:17-CV-0798 (TJM/DEP)

   v.

ALBANY MEDICAL CENTER, *et al.*,

        Defendants.

---

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFF:

K'DREA FOX, *Pro se*
37 Mohawk Avenue
Waterford, NY 12188

FOR DEFENDANT:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

This is an action brought by *pro se* plaintiff K'Drea Fox against defendant Albany Medical Center ("AMC") and five individuals pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging employment discrimination and retaliation.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. For the reasons set forth below, plaintiff's IFP application is granted, and I recommend that each of plaintiff's claims be dismissed, with the exception of her Title VII retaliation cause of action asserted against defendant AMC.

I. BACKGROUND

Plaintiff commenced this action on July 20, 2017. Dkt. No. 1. In her complaint, which is prepared on a pre-printed form generated for use in Title VII actions, plaintiff alleges that she was employed by defendant AMC initially in August 2014 as a sterile processing associate, and was later transferred into the AMC Pharmacy Department in or about March 2016. Dkt. No. 1 at 3. While in the Pharmacy Department, plaintiff was harassed and retaliated against and, after requesting a meeting with the company's new human resources director to complain of the harassment, was demoted and subjected to further harassment. *Id.* The complaint also alleges that plaintiff was sent home in the middle of a shift for not following department protocol, a disciplinary action to which other employees had not been subjected for similar conduct, and was suspended from her job on April 29, 2016. *Id.* Plaintiff's employment was ultimately terminated on May 9, 2016. *Id.*

Plaintiff's complaint contains two causes of action. In the first, she alleges discrimination on the basis of race and sex and the existence of a hostile work environment based on her sex. Dkt. No. 1 at 3. Plaintiff's second claim asserts a retaliation claim for seeking to file a formal complaint regarding the discrimination and harassment. *Id.* at 4. As relief, plaintiff seeks compensatory and punitive damages. *Id.* at 5.

Plaintiff's complaint was accompanied by an application for leave to proceed without prepayment of fees and costs. Dkt. No. 2. The application reflects that plaintiff is not currently receiving income from any source and is indebted to several creditors. *Id.*

II. DISCUSSION

   A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367

3

meets the requirements for IFP status, her application for leave to proceed without prepayment of fees is granted.[2]

    B.    Sufficiency of Plaintiff's Complaint

        1.    Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties

---

(Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]    Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees incurred in this action, including copying and/or witness fees.

have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2. <u>Analysis</u>

a. <u>Title VII Claims Asserted Against the Individual Defendants</u>

Plaintiff's claims are asserted pursuant to Title VII. Dkt. No. 1 at 2. As defendants, plaintiff not only names her former employer, the AMC, but also five individual defendants. *Id.* at 1. It is well established, however, that "individuals are not subject to liability under Title VII." *Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009) (quotation marks omitted). Accordingly, I recommend that plaintiff's claims against the individual defendants in this action be dismissed.

### b. Discrimination Claims Asserted Against Defendant AMC

To state a *prima facie* case of discrimination under Title VII, a complaint must allege that (1) the plaintiff belongs to a protected class; (2) she is qualified for the position at issue; (3) her employment was terminated, or she suffered some other form of adverse action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *Feingold v. N.Y.*, 366 F.3d 138, 152 (2d Cir. 2004). In this case, plaintiff's complaint is lacking in allegations plausibly linking the adverse actions complained of – including being sent home in the middle of a shift, being stripped of duties or demoted, and ultimately having her employment terminated – to either plaintiff's sex or race. Accordingly, I recommend that plaintiff's Title VII discrimination claim be dismissed.

To assert a cognizable Title VII hostile work environment claim, a complaint must allege facts plausibly suggesting that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the [plaintiff]'s employment and create an abusive environment." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010). In addition, "it is axiomatic" that the defendants' conduct "occurred because of [plaintiff's protected status]." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002).

8

Once again, in this case, while plaintiff alleges harassment, there is nothing in her complaint to link the harassment she experienced with any protected classification. Accordingly, I recommend that plaintiff's hostile work environment claim be dismissed as well.

      c.      Retaliation

Plaintiff's second cause of action alleges retaliation. Dkt. No. 1 at 4. In order to plead a cognizable claim of retaliation, plaintiff must advance non-conclusory allegations that (1) she engaged in protected activity; (2) the defendants were aware of the activity; (3) the defendants took adverse action against the plaintiff; and (4) there is a causal connection with the protected activity and the adverse action. *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 25 (2d Cir. 2014). In this case, in light of my obligation to liberally construe a *pro se* litigant's pleadings, I find that plaintiff's complaint alleges sufficient facts to survive review under section 1915(e) concerning plaintiff's retaliation claim.[3] Accordingly, I recommend that defendants be directed to answer plaintiff's complaint with respect to the retaliation claim only.

---

[3] In rendering this finding, I express no opinion as to whether plaintiff's retaliation claim can withstand a properly filed motion to dismiss.

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord,*

*Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, I find that plaintiff's Title VII claims asserted against the individual defendants are not legally cognizable, and no better pleading can cure this defect. I therefore recommend that plaintiff not be permitted to amend her complaint to assert claims against individual defendants under Title VII. The defects discussed above with respect to plaintiff's discrimination and hostile work environment claims, however, could possibly be cured with better pleading. For that reason, I recommend that leave to amend be granted with regard to those claims.

If plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of

the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III. SUMMARY, ORDER, AND RECOMMENDATION

Because plaintiff has demonstrated entitlement to IFP status, her application for leave to proceed without prepayment of fees is granted. Turning to the allegations in plaintiff's complaint, while I find that plaintiff's retaliation cause of action should survive review under section 1915(e), the complaint otherwise fails to support a cognizable discrimination or hostile work environment claim. Based upon the foregoing it is hereby

ORDERED that plaintiff's application for leave to proceed without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further respectfully

RECOMMENDED as follows:

(1) All of plaintiff's Title VII claims asserted against the individual defendants in this action be DISMISSED without leave to replead;

(2) Plaintiff's Title VII discrimination and hostile work environment claims asserted against defendant Albany Medical Center be DISMISSED with leave to replead; and

(3) In the event plaintiff does not avail herself of the opportunity to file an amended complaint, the case proceed only with respect to plaintiff's Title VII retaliation claim asserted against defendant Albany Medical Center.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

---

[4] If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

The clerk of the court shall serve a copy of this order on plaintiff in accordance with the court's local rules.

Dated: September 11, 2017
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge